# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENNAN MELANCON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-5078** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 5). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This personal injury suit arises out of Plaintiff Brennan Melancon's vehicle collision with Defendant Aniba Williams in Jefferson Parish, Louisiana. On or about October 19, 2017, Aniba Williams allegedly failed to yield the right of way, struck Plaintiff's vehicle, and caused injuries to Plaintiff's neck and back.

On July 9, 2018, Melancon sued Williams; her insurer, State Farm Mutual Automobile Insurance Company ("State Farm"); and his own insurer, James River Insurance Company ("James River"), in Louisiana's 24th Judicial District Court for Jefferson Parish.

Before Defendant James River filed its Notice of Removal, Plaintiff voluntarily dismissed Defendants Williams and State Farm. Then, on May 29, 2019, James River timely removed Melancon's suit to this Court on diversity grounds. To support removal, Defendant argued that the amount in

controversy was over $75,000.[1] Plaintiff responded with the instant Motion to Remand on April 22, 2019, arguing that the amount in controversy was below $75,000.[2] Therefore, Plaintiff argues, Defendant has not satisfied its burden of establishing federal diversity jurisdiction at the time of removal, and this Court should remand this suit to state Court. Defendant opposes.[3]

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[4] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[5] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[6] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand."[7] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[8]

---

[1] Doc. 1 at 4.
[2] Doc. 5-1 at 1.
[3] Doc. 9.
[4] 28 U.S.C. § 1441.
[5] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[6] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723. *See also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts should determine removability in diversity cases based on the allegations known at the time of removal).
[7] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).
[8] 28 U.S.C. § 1447(c).

# LAW AND ANALYSIS

Under 28 U.S.C. 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." The parties agree that complete diversity exists. What they disagree about is whether the amount in controversy is more than $75,000.

Upon removal, it is the defendant's burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[9] The defendant can satisfy this requirement by demonstrating that the claims are facially apparent to exceed $75,000 or by producing summary judgment type evidence to show that the amount in controversy exceeds $75,000.[10]

## I. Facially Apparent Standard

Initially, the Court must decide if Plaintiff's allegations meet the facially apparent standard. Here, Plaintiff alleges that "[a]s a result of the accident . . . [he suffered] injuries, including but not limited to, injuries to his back and neck.[11] As a result of those alleged injuries, he seeks damages for past, present, and future medical expenses, physical pain, and mental anguish.[12]

An allegation that fails to describe the severity of a plaintiff's injuries is insufficient to satisfy the facially apparent standard.[13] "[S]uch allegations

---

[9] *See* 28 U.S.C. 1446(c)(2)(B); Allen v. R. & H. Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).
[10] Michael v. Blackhawk Transport, Inc., 2019 WL 549610, at *1 (E.D. La. 2019) (Africk, J.) (citing *Manguno*, 276 F.3d at 723).
[11] Doc. 1-2 at 2.
[12] *Id.* at 2–3.
[13] *See Michael*, 2019 WL 549610, at *2 (holding that a failure to show hospitalization, surgery, or treatment recommendations—despite injuries alleged to "neck, back, shoulder, body, and mind"—was insufficient); Touchet v. Union Oil Co. of Cal., No.

alone, unaccompanied by pertinent factual detail, 'simply provide the usual and customary damages set forth by personal injury plaintiffs and do not provide the Court with any guidance as to the actual monetary amount of damages the plaintiff has or will incur.'"[14] Accordingly, it is not facially apparent from Plaintiff's complaint that the amount in controversy is more than $75,000.

## II. Summary Judgment Type Evidence

The court must now determine whether the Defendant, by production of "summary judgment type" evidence, has proven by a "preponderance of the evidence" that the amount in controversy exceeds $75,000.[15] In attempting to show that the amount in controversy exceeds the jurisdictional amount, the defendant may not simply assert that the damages will exceed $75,000.[16] Furthermore, a defendant's production of summary judgment type evidence does not guarantee denial of a motion to remand.[17]

### A. *Medical Reports*

Plaintiff here has produced two MRI reports, three neurosurgeon visit reports, and two insurance claims connected to the MRIs.[18] Taken together, these records fail to show that Plaintiff has suffered or will suffer serious damages related to his medical condition.

---

01-2394, 2002 WL 465167, at *2 (E.D. La. 2002) (Sear. J). (holding that the amount in controversy requirement was not facially apparent where Plaintiff alleged "without specificity, injuries to his 'neck, back, and other parts of his body.'").

[14] *Michael*, 2019 WL 549610, at *2 (quoting Maze v. Protective Ins. Co., No. 16-15424, 2017 WL 164420, at *2 (E.D. La. Jan. 17, 2017) (Engelhardt, C.J.)).

[15] *See Manguno*, 276 F.3d at 723.

[16] *See* Statin v. Deutsche Bank Nat. Trust Co., 599 Fed. App'x 545, 547 (5th Cir. 2014).

[17] *See Michael*, 2019 WL 549610 at *3 (remanding where Defendant showed that the plaintiff had suffered at least 1 bulging disc and some herniation).

[18] *See* Docs. 1-4, 1-5.

The reports reveal that Plaintiff has multiple bulging discs, some foraminal narrowing, some pain, and other spinal conditions ranging from minor to severe. It is worth noting that Plaintiff was involved in a different injury-causing accident before the accident at issue in this suit. While Plaintiff's injuries may have worsened from the most recent accident, the reports generally state "overall minor worsening" in relation to his injuries from the prior accident.[19] Plaintiff has stated that his pain is "sometimes . . . worse than before the [most recent] accident, and sometimes better."[20] Overall, the reports largely fail to distinguish Plaintiff's current condition from his condition prior to the most recent accident.

Defendant has produced two health insurance claims which reveal $2,800 in medical expenses incurred by Plaintiff.[21] The records also state that Plaintiff has received and will continue to receive injections to help with pain, but there is no recommendation for surgery.[22] One medical report revealed no back tenderness and recommended the continuance of noninvasive treatment,[23] but the most recent visit revealed some tenderness, and Plaintiff requested to receive injections again.[24] While all of this evidence could point to an increase in medical expenses from the total found on the insurance claims, Defendant has failed to produce evidence regarding the expected cost of Plaintiff's future medical treatment.

Speculation as to the extent of a plaintiff's medical needs without information upon which to form said speculation is not sufficient in satisfying

---

[19] Doc. 1-4 at 3, 8.
[20] Doc. 1-5 at 6.
[21] Doc. 1-4 at 4–5.
[22] Doc. 1-5 at 1.
[23] *Id.* at 4.
[24] *Id.* at 1.

a defendant's burden of proof.[25] Defendant's evidence of medical expenses, which do not meet the jurisdictional amount, along with a failure to show the extent of the pain and suffering or lost wages, are insufficient to satisfy Defendant's burden of proof.[26]

B. *Damages Awarded in State Cases*

In an attempt to show that the amount in controversy requirement has been satisfied, Defendant referenced several Louisiana personal injury cases where plaintiffs were awarded damages in excess of $75,000.[27] These awards, however, are irrelevant to the issue before this Court, which must consider the facts at the time of removal, not "what is 'reasonable' or 'possible' under a particular set of facts fully developed at trial."[28] "[O]ther damages awards based on highly individualized facts and determined after a trial on the merits are insufficient to establish that, based on the jurisdictional facts that existed here at the time of removal, subject matter jurisdiction exists."[29]

C. *Refusal to Stipulate*

Defendant also contends that Plaintiff's refusal to stipulate to damages below $75,000, in and of itself, should result in a denial of Plaintiff's motion. To the Contrary, Plaintiff's refusal to stipulate is not a determinative factor in deciding a motion to remand. Instead, it is one of several factors that courts

---

[25] *See* Stovall v. California Cas. Indem. Exchange, 2011 WL 765822 ,at *3 (E.D. La. 2011) (Zainey, J.).

[26] *See* Robichaux v. Wal-Mart Stores, Inc., 2016 WL 1178670, at *4 (E.D. La. 2016) (Brown, J.) (holding that bills demonstrating costs of $7,555.76 were insufficient when there was no evidence regarding lost wages or pain and suffering).

[27] Doc. 9 at 4.

[28] *See* Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 851 (5th Cir. 1999).

[29] Betemps v. Dolgencorp, LLC, No. 16-17647, 2017 WL 3327980, at *3 (E.D. La. Aug. 4, 2017) (Brown, J.).

may consider when determining whether a defendant has shown that the jurisdictional amount in controversy exists.[30]

Ultimately, Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant cannot overcome this failure by relying on Plaintiff's refusal to stipulate to an amount in controversy below $75,000.[31] Accordingly, this court lacks diversity jurisdiction over this case, and it should be remanded to state court.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**, and the case is **REMANDED** to state court.

New Orleans, Louisiana this 2nd day of July, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[30] Carbajal v. Caskids Oil Operating Co., No. 05-5966, 2006 WL 1030392, at *3 (E.D. La. Apr. 28, 2006) (Africk, J.) ("[A] failure to stipulate is only one factor to consider in determining whether a defendant has met its burden, and it alone will not defeat a plaintiff's motion to remand.") (collecting cases).

[31] Ingram v. Global Hawk Ins. Co., No. 14-0777, 2014 WL 2739459, at *5 (E.D. La. June 17, 2014). (Berrigan, J.) (noting that a "plaintiff's failure to file such a stipulation (or otherwise admit that the amount in controversy is lower than the jurisdictional minimum) does not alleviate defendants' burden of proof").